JESSICA S. PERS (State Bar No. 77740)
SCOTT E. MORGAN (State Bar No. 189507)
HELLER EHRMAN WHITE & McAULIFFE LLP
333 Bush Street
San Francisco, California  94104-2878
Telephone:  (415) 772-6000
Facsimile:  (415) 772-6268

JAMES W. DABNEY
STEPHEN S. RABINOWITZ
PENNIE & EDMONDS LLP
1155 Avenue of the Americas
New York, New York  10036

Attorneys for Defendants
LABORATORY CORPORATION OF AMERICA HOLDINGS,
LABORATORY CORPORATION OF AMERICA, and
NATIONAL GENETICS INSTITUTE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIRON CORPORATION,<br><br>                           Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, LABORATORY CORPORATION OF AMERICA, and NATIONAL GENETICS INSTITUTE,<br><br>                           Defendants. | Case No.: 03-3707 PJH<br><br>**DEFENDANTS' MOTION UNDER 28 U.S.C. §1406(a) AND  RULE 12(b)(3) TO TRANSFER OR DISMISS FOR IMPROPER VENUE**<br><br>Date:    November 5, 2003<br>Time:    9:00 a.m.<br>Place:   Courtroom of the Honorable<br>             Phyllis J. Hamilton |

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY JUDGMENT ................................................. 1

II. STATEMENT OF FACTS ........................................................................................ 2

    A. Nature and Stage of the Proceedings ................................................... 2

    B. The Defendants and Their Jurisdictional Contacts............................ 2

III. ARGUMENT .............................................................................................................. 3

    A. Venue for This Action is Improper in the Northern District of California ................................................................................................. 3

        1. NGI Does Not "Reside" in the Northern District of California ..................................................................................... 4

        2. Defendant NGI Has Committed No Acts of Infringement and Has No Regular and Established Place of Business in This District ................................................................................... 5

    B. This Action Could Have Been Brought In The Central District Of California ................................................................................................. 5

    C. This Action Should Be Transferred To The Central District Of California, Or, In The Alternative, Dismissed ..................................... 6

IV. CONCLUSION ........................................................................................................... 7

## TABLE OF AUTHORITIES

### CASES
*Da Cruz v. Princess Cruise Lines, Inc.*, No. C-00-0867 TEH
  2000 WL. 1585695 (N.D. Cal. Oct. 12, 2000) .......................... 4, 6

*Pacific Coast District, M.E.B.A. v. Alaska*,
  682 F.2d 797 (9th Cir. 1982) .......................... 6

*Poipu Resort Partners v. Meier*, No. C-95-4199 EFL
  1996 WL. 161765 (N.D. Cal. March 28, 1996) .......................... 6

*Sanders v. Seal Fleet, Inc.*,
  998 F. Supp. 729 (E.D. Tex. 1998) .......................... 4

*Tranor v. Brown*,
  913 F. Supp. 388 (E.D. Pa. 1996) .......................... 4

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
  917 F.2d 1574 (Fed. Cir. 1990) .......................... 3

*Van's Supply & Equip., Inc. v. Echo, Inc.*,
  711 F. Supp. 497 (W.D. Wis. 1989) .......................... 4

### STATUTES AND RULES

28 U.S.C. § 1391(c) .......................... 1, 3, 4

28 U.S.C. §1400(b) .......................... 1, 3

28 U.S.C. §1406 .......................... 1, 6

Fed. R. Civ. P. 12(b)(3) .......................... 1

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on November 5, 2003, at 9:00 a.m. (or as soon thereafter as this matter may be heard), before the Honorable Phyllis J. Hamilton at the United States District Courthouse at 450 Golden Gate Avenue, San Francisco, California, Defendants Laboratory Corporation of America Holdings ("LabCorp Holdings"), Laboratory Corporation of America ("LabCorp"), and National Genetics Institute ("NGI") will and hereby do move this Court to transfer this action to the Central District of California or, in the alternative, to dismiss. This motion is based upon this notice and memorandum of points and authorities, the Declarations of David P. King and Michael A. Aicher (submitted herewith), and upon any other evidence and argument presented in support of this motion.

## RELIEF REQUESTED

Defendants seek an order transferring this action to the Central District of California or, in the alternative, dismissing this action for improper venue.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3), Defendants Laboratory Corporation of America Holdings ("LabCorp Holdings"), Laboratory Corporation of America ("LabCorp"), and National Genetics Institute ("NGI") move to transfer this action to the Central District of California or, in the alternative, to dismiss this action for improper venue.

As set forth more fully below, the requirements of the patent venue statute, 28 U.S.C. §1400(b), are not satisfied because Defendant NGI does not "reside" in this district within the meaning of 28 U.S.C. § 1391(c), nor does NGI have a place of business or commit any alleged acts of infringement in this district. Accordingly, venue for this action is improperly laid, and the action

should be transferred to the Central District of California, where venue is proper and where this action could have been brought. In the alternative, the action should be dismissed.

## II.   STATEMENT OF FACTS

### A.   Nature and Stage of the Proceedings

This is an action for alleged infringement of U.S. Patent No. 6,531,276 B1 ("the '276 Patent"), issued to Chiron Corporation ("Chiron") on March 11, 2003 and entitled: "Methods for Detecting Human Immunodeficiency Virus Nucleic Acid." The patent in suit contains claims directed to certain methods for detecting genetic material of the Human Immunodeficiency Virus ("HIV").

The Summons and Complaint were served upon all the Defendants in Los Angeles, California on August 11, 2003 (Dock. No. 7). By agreement between counsel, the time for Defendants' response was extended up to and including September 15, 2003.

### B.   The Defendants and Their Jurisdictional Contacts

Defendant LabCorp Holdings and LabCorp are both Delaware corporations with their principal places of business in Burlington, North Carolina. King Decl. ¶ 3. LabCorp Holdings and LabCorp jointly offer clinical laboratory testing services through a national network of facilities throughout the United States where clinical specimens, such as blood, are collected and sent to central laboratories for testing. *Id*. In the field of HIV nucleic acid testing, LabCorp operates facilities in California (including facilities in Pasadena, Torrance, Redondo Beach, Long Beach, San Pedro, and Anaheim within the Central District of California) at which clinical specimens are collected from patients or received from doctors or hospitals. *Id*. LabCorp Holdings performs HIV nucleic acid testing on these specimens, when ordered, at its Center for Molecular Biology and Pathology ("CMBP") in Burlington, North Carolina. *Id*. ¶ 4. LabCorp Holdings does not operate any specimen collection centers in California, but relies on LabCorp to perform this function on its behalf. *Id*.

NGI, a subsidiary of LabCorp Holdings, is a California corporation with its principal place of business in Los Angeles, California. Aicher Decl. ¶ 3. In addition to its corporate headquarters, NGI operates two laboratories in the Los Angeles area. Apart from these three locations, NGI does

not occupy any other premises or operate any other facilities, although certain NGI corporate functions are performed in Burlington, North Carolina, where NGI's corporate parent is headquartered. *Id*. In particular, NGI does not occupy any premises or operate any facility in the Northern District of California. *Id*. ¶ 5. NGI has no postal address, telephone number, bank accounts, agents for service of process, or employees in the Northern District of California. *Id*. NGI does not direct advertising towards the Northern District of California, although it advertises in journals of national or international circulation and operates a website that is accessible internationally. *Id*.

NGI provides clinical laboratory testing services, including tests for detecting and quantifying the presence of HIV genetic material in blood or in blood products such as plasma. *Id*. ¶ 6. All NGI's HIV testing is performed in Los Angeles, California, and all the customers for whom NGI performs HIV testing ship their samples to NGI from outside the Northern District of California. *Id*. ¶¶ 6-7. For at least the past year (a period that antedates issuance of the patent in suit), NGI has not received any samples from the Northern District of California for HIV testing. *Id*. ¶ 8.

### III.   ARGUMENT

#### A.   Venue for This Action is Improper in the Northern District of California

In patent infringement cases, venue is governed by a particular statute that provides:

> Any civil action for patent infringement may be brought in the judicial district [1] where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C.A. § 1400(b) (West 1993). Whether a corporate defendant "resides" in a given district for purposes of § 1400(b) is governed, in turn, by 28 U.S.C. § 1391(c). *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1584 (Fed. Cir. 1990). As shown below, neither the first nor the second prong of § 1400(b) is satisfied for Defendant NGI. Accordingly, venue for this action is not properly laid in this district.

### 1. NGI Does Not "Reside" in the Northern District of California

The first prong of section §1400(b) is not satisfied because NGI does not "reside" in the Northern District of California. Section 1391(c) provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. <u>In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State</u>, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C.A. §1391(c) (West 1993) (emphasis added). Thus, "[w]here there are several federal judicial districts within a single state, as in California, a corporate defendant is deemed to 'reside' in any district in which its contacts would subject it to personal jurisdiction as if that district were a separate state." *Da Cruz v. Princess Cruise Lines, Inc*., No. C-00-0867 TEH, 2000 WL 1585695, at *3 (N.D. Cal. Oct. 12, 2000) (conducting district-by-district jurisdictional analysis; finding venue improper and transferring to Central District of California).

Under § 1391(c), a corporation does not automatically "reside" in every district within its state of incorporation:

> It is not enough to establish venue in one district of a multidistrict state to simply show that the defendant is incorporated in another district within the same state. Rather, the defendant must have sufficient contacts with the district, contacts that would otherwise justify personal jurisdiction over the defendant within that district.

*Sanders v. Seal Fleet, Inc*. 998 F. Supp. 729, 736 (E.D. Tex. 1998); *accord Tranor v. Brown*, 913 F. Supp. 388, 390-391 (E.D. Pa. 1996) (finding insufficient forum contacts to establish venue in the Eastern District of Pennsylvania for action against defendant Pennsylvania corporation and transferring action to the Middle District of Pennsylvania); *see also Van's Supply & Equip. , Inc. v. Echo, Inc.,* 711 F. Supp. 497, 501 (W.D. Wis. 1989) ("The legislation [amending section 1391(c)]

4
MOTION TO TRANSFER OR DISMISS   C 03-3707 PJH

ensures that corporate defendants cannot be sued in districts within their state of incorporation with which they have no contacts.").

If the Northern District of California were a separate state, NGI would not be subject to personal jurisdiction here. General personal jurisdiction is absent, because NGI lacks continuous and systematic contacts with this district. NGI does not occupy any premises or operate any facility in the Northern District of California, and has no postal address, telephone number, bank accounts, agents for service of process, or employees in this district. Aicher Decl. ¶ 5. Nor does NGI direct any advertising towards this district. *Id*.

Specific personal jurisdiction would not exist over NGI if the Northern District of California were a separate state. NGI's accused HIV tests are not performed in the Northern District of California, but rather are carried out in Los Angeles. Aicher Decl. ¶ 6. Nor does NGI receive samples from the Northern District of California for HIV testing. All NGI's customers for HIV testing ship their samples to NGI from outside this district. *Id.* ¶ 7. Indeed, during the term of the '276 Patent, NGI has not received a single sample from the Northern District of California for HIV testing. *Id*.

Accordingly, NGI does not "reside" in the Northern District of California within the meaning of § 1391(c), and the first prong of § 1400(b) is not satisfied.

### 2. Defendant NGI Has Committed No Acts of Infringement and Has No Regular and Established Place of Business in This District

The second prong of § 1400(b) is also not satisfied. Defendant NGI has no place of business in the Northern District of California. Aicher Decl. ¶ 5. Nor has NGI committed any alleged acts of infringement in this district, since all its HIV testing occurs in Los Angeles. *Id*. ¶ 6. Since neither the first nor the second prong of § 1400(b) is satisfied, venue for this action is improperly laid in the Northern District of California.

### B. This Action Could Have Been Brought In The Central District Of California

All the Defendants have sufficient forum contacts with the Central District of California to establish personal jurisdiction there if that district were a separate state. NGI has its principal place of business in Los Angeles and performs its accused HIV tests there. Aicher Decl. ¶¶ 3, 6. LabCorp

operates numerous specimen collection centers in the Central District of California at which clinical specimen are collected and received for HIV testing by LabCorp Holdings. King Decl. ¶ 4. Thus, jurisdiction and venue are proper in the Central District of California for all the Defendants. Accordingly, this action could have been brought in that district.

### C. This Action Should Be Transferred To The Central District Of California, Or, In The Alternative, Dismissed

28 U.S.C. §1406 provides, in relevant part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. §1406(a).

Since venue is improper in the Northern District of California, this action should be transferred to the Central District of California, where it could have been brought. *See Pacific Coast District, M.E.B.A. v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982) (remanding with instructions to transfer improperly venued action); *Da Cruz*, 2000 WL 1585695, at *4,5 (transferring improperly venued action to the Central District of California); *Poipu Resort Partners v. Meier*, No. C-95-4199 EFL, 1996 WL 161765 (N.D. Cal. March 28, 1996) (transferring improperly venued action). Transferring this action will serve the interests of justice. Personal jurisdiction and venue are undisputed in the Central District of California for all of the Defendants. Furthermore, that district has a great interest in this action. It is the corporate headquarters of NGI and the only district where that company performs its HIV testing. Aicher Decl. ¶ 3. It is also a district in which LabCorp Holdings and LabCorp jointly offer HIV testing services through their national network of specimen collection centers. King Decl. ¶ 4.

Should this Court decline to transfer this case, it should be dismissed. *See* 28 U.S.C. §1406(a). The present controversy between the parties cannot be resolved by this Court.

IV. CONCLUSION

For the reasons set forth above, this action should be transferred to the Central District of California.  If transfer is not granted, this action should be dismissed.

DATED:  September 15, 2003

Respectfully submitted,

HELLER EHRMAN WHITE & McAULIFFE LLP


By /s/ Jessica S. Pers
    Jessica S. Pers

    333 Bush Street
    San Francisco, California 94104-2878
    Tel:  (415) 772-6000
    Fax:  (415) 772-6268

    James W. Dabney
    Stephen S. Rabinowitz
    PENNIE & EDMONDS, LLP
    1155 Avenue of the Americas
    New York, New York 10036-2711
    Tel: (212) 790-9090
    Fax:  (212) 869-9741
    *Attorneys for Defendants*