**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHIRON CORPORATION,

Plaintiff,

v.

LABORATORY CORPORATION
OF AMERICA HOLDINGS, et al.,

Defendants.
_____/

No. C 03-3707 PJH

**ORDER DISMISSING DEFENDANT
NATIONAL GENETICS INSTITUTE**

On January 28, 2004, a hearing was held on the motion of defendant National Genetics Institute ("NGI") to dismiss the above-entitled action for improper venue, or in the alternative, to transfer the case to the Central District of California.  Plaintiff Chiron Corporation ("Chiron") appeared through its counsel Rachel Krevans, and defendants appeared through their counsel Stephen Rabinowitz.

At the hearing, the court indicated that it found venue to be improper in this district for NGI under 28 U.S.C. § 1400.  The court further advised that it was inclined to grant the motion to transfer, and requested the parties to address whether transfer of the entire case, or severance of NGI and transfer of the action as to only the one defendant, was proper.  Neither party had briefed this issue, but counsel addressed the court's concerns and argued their respective clients' positions at the hearing.  Defendants Laboratory Corporation of America Holdings ("LabCorp Holdings") and Laboratory Corporation of America ("LabCorp"), as to

whom venue in this district is proper, did not oppose the motion to transfer the entire case
including the claims asserted against them.  The court indicated that it would look further at
this question and issue a written order.

Following the hearing, and without leave of court, Chiron and NGI both filed
supplemental briefs on the question of severance and transfer.  The court has reviewed the
supplemental papers.  While the court remains of the view that transfer of the entire action as
permitted by 28 U.S.C. § 1406 would be more efficient than severance, the court finds that
plaintiff does indeed have a right to voluntarily dismiss a defendant without prejudice pursuant
to Federal Rule of Civil Procedure 41(a)(1).  By proposed order attached to its supplemental
brief filed on January 30, 2004, Chiron has indicated its intention to dismiss NGI rather than
have the entire case transferred to the Central District of California.

Rather than require another separate signed document setting forth the dismissal, the
court by this order dismisses NGI without prejudice pursuant to the expressed intent of Chiron,
along with these comments.  A great deal of time and effort has been expended by the court
and by the parties on this matter, including jurisdictional discovery and motion practice.  The
court hopes that in the future Chiron's litigation strategy will not result in such an unnecessary
waste of judicial resources.

Accordingly, it is hereby ORDERED that NGI is DISMISSED from this action pursuant
to Rule 41(a).  In view of this voluntary dismissal, NGI's motion to dismiss or transfer is
DENIED as moot.  This order fully adjudicates the motion listed at docket No. 9.

The remaining parties shall appear for a case management conference as previously
ordered on Thursday, February 19, 2004, at 2:30 p.m.

**IT IS SO ORDERED.**

Dated: February 3, 2004

/s/
PHYLLIS J. HAMILTON
United States District Judge

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28